SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 2:10CR 18 |
| GAYLYNNE GALE (1) | § § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

1. The Social Security Administration (SSA) administers the Supplemental Security Income (SSI) program under Title XVI.

2. SSI is the first federally administered cash assistance program in the country available to the general public. It is designed to provide a floor of income for the aged, blind, or disabled who have little or no income or resources.

3. SSI is awarded on the basis of financial need. Eligibility for SSI monthly cash benefits depends upon the severity of applicant's condition, and the amount paid to each SSI recipient depends upon: (1) how much other income an individual receives; (2) the living arrangements of the individual; and (3) other circumstances that affect an individual's financial needs.

Indictment – Page 1

4. SSA's ability to properly determine a recipient's continuing eligibility, and the correct monthly benefit due that recipient, is directly dependent upon SSA's ongoing access to accurate and current information regarding the recipient.

5. The money for SSI checks comes from the general funds of the United States Treasury.

6. The Texas Medical Assistance Program ("Medicaid") is a health care benefit program jointly funded by the State of Texas and the federal government. The Medicaid program helps pay for reasonable and necessary medical procedures and services provided to individuals who are deemed eligible under state low-income programs. Individuals eligible under the Medicaid program are referred to as Medicaid "recipients."

7. Medicaid is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), in that it is a public plan affecting commerce under which medical benefits, items, and services are provided to individuals and under which individuals and entities who provide medical benefits, items, or services may obtain payments.

8. Medicaid is a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f), in that it is a State health care program, as defined by Title 42, United States Code, Section 1320a-7(h).

## COUNT 1

Violation: 18 U.S.C. § 641
(Theft of Government Property)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around February 2004, and continuing without interruption until in or around June 2010, in Upshur County, within the Eastern District of Texas, the defendant,

**Gaylynne Gale,**

did knowingly embezzle, steal, and purloin money of the Social Security Administration, a department or agency of the United States, namely Social Security Supplemental Security Income payments to which defendant knew she was not entitled, having a value of approximately $47,530, in violation of 18 U.S.C. § 641.

## COUNT 2

Violation: 42 U.S.C. § 1320a-7b(a)(3)
(Federal Health Care Benefits Fraud)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around February 2004, and continuing without interruption until in or around June 2010, in Upshur County, within the Eastern District of Texas, the defendant,

**Gaylynne Gale,**

in a matter within the jurisdiction of the Department of Health and Human Services, having knowledge of the occurrence of an event affecting defendant's initial and continued right to receive Medicaid benefits, concealed and failed to disclose such event with the intent to fraudulently secure benefits when no such benefits were authorized. Specifically, defendant **Gaylynne Gale** intentionally concealed and failed to disclose the circumstances of her living arrangements in order to receive Medicaid benefits, in violation of 42 U.S.C. § 1320a-7b(a)(3).

## COUNT 3

Violation: 42 U.S.C. § 1383(a)(3)
(Supplemental Security Income
Benefits Fraud)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around February 2004, and continuing without interruption until in or around June 2010, in Upshur County, within the Eastern District of Texas, the defendant,

**Gaylynne Gale,**

in a matter within the jurisdiction of the Social Security Administration, having knowledge of the occurrence of an event affecting defendant's initial and continued right to receive payment of Social Security SSI payments, concealed and failed to disclose such event with the intent to fraudulently secure payment when no such payment was authorized. Specifically, defendant **Gaylynne Gale** intentionally concealed and failed to

disclose the circumstances of her living arrangements in order to receive SSI benefits payments, in violation of 42 U.S.C. § 1383(a)(3).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

1. The allegations contained in Counts 1 through 3 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2. Upon conviction of any violation of 18 U.S.C. § 641, the defendant, **Gaylynne Gale,** shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity", or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3. The property which is subject to forfeiture, includes but is not limited to the following:

    a. A money judgment in the amount of $47,530.00, which represents the proceeds of the offense.

4. Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred, or sold to, or deposited with a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of **Gaylynne Gale.**

5. By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18 U.S.C. § 982(b)(1).

            A TRUE BILL

            _____
            GRAND JURY FOREPERSON

            9-1-2010
            Date

JOHN M. BALES
UNITED STATES ATTORNEY

_____ for
NATHANIEL C. KUMMERFELD
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Indictment – Page 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | NO. 2:10CR__ |
| GAYLYNNE GALE (1) | § | |

## NOTICE OF PENALTY

### COUNT 1

VIOLATION: Title 18, United States Code, Section 641
Theft of Government Property

PENALTY: Imprisonment of not more than ten years, and/or a fine of $250,000 to be followed by not more than three (3) years supervised release.

SPECIAL ASSESSMENT: $100.00 each count

### COUNT 2

VIOLATION: Title 42, United States Code, Section 1320a-7b(a)(3)
Federal Health Care Benefits Fraud

PENALTY: Imprisonment of not more than one year, and/or a fine of $100,000 to be followed by not more than one (1) year supervised release.

SPECIAL ASSESSMENT: $100.00 each count

### COUNT 3

VIOLATION: Title 42, United States Code, Section 1383(a)(3)
Supplemental Security Income Benefits Fraud

PENALTY: Imprisonment of not more than five years, and/or a fine of $250,000 to be followed by not more than three (3) years supervised release.

SPECIAL ASSESSMENT: $100.00 each count

Indictment – Page 8